UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER RODERICK )<br> Plaintiff, )<br> )<br>v. )<br> )<br> )<br>PORTFOLIO RECOVERY ASSOCIATES, INC. )<br> Defendant, )<br> )<br> ) | Civil Action No.<br><br>1:14-cv-13182 |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, JENNIFER RODERICK, by and through her attorneys, the CONSUMER RIGHTS LAW FIRM, PLLC, and for her Complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, INC., Plaintiff states as follows:

### I. *INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Jennifer Roderick, an individual consumer, against Defendant, Portfolio Recovery Associates, Inc. for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. *JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

1

3. Because Defendant conducts business in Massachusetts, personal jurisdiction is established.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III. *PARTIES*

7. Plaintiff, Jennifer Roderick (hereinafter "Plaintiff"), is an adult individual who was at all relevant times residing in Haverhill, Essex County, Massachusetts 01830.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Upon information and belief, the Defendant, Portfolio Recovery Associates, Inc., (hereinafter "Defendant") is an individual engaged in the business of collecting debt in this state, with their principal place of business located in Norfolk, Norfolk County, Virginia 23502.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

2

12. During the course of their efforts to collect debts allegedly owed to third parties, Defendant sent to alleged debtors, bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

14. At all relevant times, Defendant acted through their duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. *FACTUAL ALLEGATIONS*

15. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

16. The alleged debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

17. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

18. On or about May 22, 2014, Defendant in connection with the collection of an alleged debt contacted Plaintiff by calling Plaintiff's cellphone which Plaintiff uses for professional purposes.

3

19. Plaintiff informed Defendant that the phone number Defendant had called was the number Plaintiff used for professional purposes.

20. Plaintiff informed Defendant that it was very inconvenient for Defendant to contact her by calling her cellphone.

21. Plaintiff instructed Defendant not to contact her by calling her cellphone.

22. Several times after May 22, 2014 and including on June 5, 2014, Defendant in connection with the collection of an alleged attempted to communication with plaintiff by calling Plaintiff's cellphone.

23. Defendant called Plaintiff cellphone to such an extent that Plaintiff had to block Defendant's number.

24. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

25. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

26. Defendant utilized unfair and unconscionable means to collect on an alleged debt, by constantly calling and harassing Plaintiff at times known to be inconvenient.

## V. *CAUSES OF ACTION*

### *VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, et seq.*

27. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

4

28. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to the Plaintiff:

   (a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

   (b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   (c) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

   (d) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

29. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory

damages in an amount up to one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692 (a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. 15 § 1692k(a)(3).

## VI. *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Declaratory judgment Defendant's conduct violated the FDCPA.

B. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations in an amount to be determined at trial and for Plaintiff.

C. Statutory damages of $1,000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

D. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E. Punitive damages in such amount as is found appropriate.

F. For Such other and further relief as the Court may deem just and proper.

## VII.    *DEMAND FOR JURY-TRIAL*

Please take notice that Plaintiff, Jennifer Roderick, demands trial by jury in this action on all issues so triable. US Const. amend 7. Fed.R.Civ.P. 38.

Dated:  July 30, 2014

RESPECTFULLY SUBMITTED,
By: /s/ Kevin J. Buckley, Jr.
Kevin J. Buckley, Jr.
BBO:  674594
Consumer Rights Law Firm, PLLC
231 Sutton Street, Suite 1-A
North Andover, Massachusetts 01845
Phone: (978) 212-3300
Fax: (888) 712-4458
Attorneykevinb@consumerlawfirmcenter.com
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MASSACHUSETTS    )
                                                    ) ss
COUNTY OF ESSEX              )

     I, <u>JENNIFER RODERICK</u>, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding against Portfolio Recovery Associates, Inc.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

     Pursuant to 28 U.S.C. 1746(2), I, JENNIFER RODERICK hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: Jul 31, 2014

_____
JENNIFER RODERICK

8